(No. 33243.— ▮▮▮▮▮▮

SECURITY BENEFIT LIFE INSURANCE COMPANY, Appellee, *vs.* JUSTIN T. MCCARTHY, Director of Insurance, *et al.*, Appellants.

*Opinion filed November 18, 1954.*

HERSHEY, J., took no part.

LATHAM CASTLE, Attorney General, of Springfield, (JOHN L. DAVIDSON, JR., GEORGE W. MCGURN, GEORGE W. SCHWANER, and MARK O. ROBERTS, of counsel,) for appellants.

WANLESS, CRAVEN & GIFFIN, of Springfield, and FULTON, FULTON & SHEEN, of Chicago, (J. THOR WANLESS, WILLIAM M. GIFFIN, and JOSEPH F. SHEEN, of counsel,) for appellee; ROBERT H. BRUNSMAN, of Springfield, and JOHN A. RIORDON, of Morrison, for Fidelity Life Association, intervenor.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

On July 25, 1951, Security Benefit Life Insurance Company, hereinafter called plaintiff, filed suit against the Director of Insurance and the Treasurer of the State of

Illinois, hereinafter called defendants, to review an administrative decision and order of the Director of Insurance, and to recover taxes paid under protest by plaintiff. Said order of the Director held, in effect, that plaintiff, a Kansas mutual life insurance company which has transformed from a fraternal benefit society, is liable for Illinois privilege tax on amounts collected from Illinois holders of fraternal benefit certificates of insurance issued prior to the transformation.

The pertinent facts are as follows: Prior to January 2, 1950, plaintiff, a Kansas corporation, was a fraternal benefit society carrying on the business of life insurance on the fraternal plan. From 1896 until January 2, 1950, plaintiff was licensed to transact business in Illinois as a fraternal benefit society. On January 2, 1950, plaintiff was transformed from a fraternal benefit society into a mutual legal reserve life insurance company by amendment to its articles of incorporation and pursuant to the laws of Kansas which provide that after transformation the new corporation "shall be a continuation of the original society" and that "such incorporation, amendment or reincorporation shall not affect existing suits, rights or contracts." Kansas Gen. Stat. art. 7, sec. 40-721.

Since the transformation plaintiff has maintained two separate and distinct funds, a fraternal fund and a mutual fund. The receipts of the fraternal fund consist of assessment contributions of fraternal members and the interest and other income on investments owned by that fund. The assets of this fund are separated from those of the mutual fund, such segregation being required by Kansas law. The present company has no lodge organization, but it does still carry on the operation of a clinic and hospital at Topeka, Kansas, for the benefit of fraternal members.

On May 15, 1951, the Illinois Director of Insurance notified plaintiff of a privilege tax assessment of $4559.31 for the year commencing July 1, 1951, under section 409

of the Illinois Insurance Code. (Ill. Rev. Stat. 1949, chap. 73, par. 1021.) This assessment was based on a tax at the rate of 2 per cent of the gross premiums collected by plaintiff in Illinois during the preceding year, including the amounts collected from fraternal benefit certificate holders. Plaintiff filed objections, a hearing was held, and the Director of Insurance affirmed the assessment and disallowed the objections. Plaintiff paid that portion of the assessment applicable to mutual life insurance policies in Illinois in the amount of $15.36 without protest, and concurrently paid the sum of $4543.95 under protest, this amount representing 2 per cent of the amounts received by plaintiff on outstanding fraternal benefit certificates.

Plaintiff then filed this suit praying that defendants be temporarily enjoined from transferring the amount of tax paid under protest from the "Protest Fund" held by the Treasurer until the final order of the circuit court; that such amount be paid to plaintiff by the Treasurer; that the order of the Director affirming the assessment be reversed; and for such other relief as may be proper. A temporary restraining order was entered by the circuit court. Defendants filed an answer praying that the injunction be dissolved; that the order of the Director be sustained; and that the cause be dismissed upon the merits and for want of equity.

In the succeeding years of 1952 and 1953, the Department of Insurance assessed plaintiff for the Illinois privilege tax, including in such assessments the amounts collected by plaintiff on its fraternal benefit certificate business. Plaintiff filed an amendment to its complaint each year, praying for the same relief as to each succeeding assessment as it had to the original 1951 assessment.

Fidelity Life Association, an Illinois mutual legal reserve life insurance company, formerly an Illinois fraternal benefit society, sought leave to intervene, alleging, in substance, that the laws of the foreign jurisdictions in which

the intervenor does business provide for a privilege tax similar to that of Illinois on foreign insurance companies and exempt fraternal benefit societies from such tax and contain reciprocity and retaliation provisions similar to those of Illinois; that intervenor has not heretofore been subjected in any of these foreign jurisdictions to the payment of tax on receipts under fraternal contracts; that Kansas has threatened to tax intervenor's receipts from fraternal benefit certificate holders in Kansas if Kansas insurance companies transformed from fraternal benefit societies to mutual companies transacting business in Illinois are assessed a privilege tax by Illinois based on such receipts; and that intervenor believes that an adverse decision to plaintiff in this case will cause other States to assess their privilege tax on intervenor's fraternal benefit business due to the Illinois interpretation. On May 29, 1953, Fidelity Life Association was granted leave to file an intervening petition without objection by plaintiff or defendants.

The circuit court held that the statutes of the State of Illinois do not impose a privilege tax on plaintiff upon assessments received from its fraternal certificate business, reversed the orders of the Director of Insurance in question, and ordered the Treasurer to pay over and remit to plaintiff the sums paid under protest by plaintiff as taxes for the years 1951, 1952, and 1953. The case being one relating to revenue, defendants have appealed directly to this court.

The crucial issue in this case, as stated by plaintiff, is whether a mutual life insurance company or a legal reserve mutual life insurance company, organized in a foreign State, which has transformed from a fraternal benefit society pursuant to the laws of the State of its incorporation, is required to pay a privilege tax for doing business in Illinois not only upon its receipts of premiums from mutual life insurance or legal reserve policies issued since its transformation but also upon receipts of assessments

from its lodge fraternal benefit certificates issued before transformation. This is a question which heretofore has not been raised in Illinois, and an examination of similar cases in other jurisdictions reveals a conflict of authority on the point. By far the greater weight of authority, however, is in support of plaintiff's proposition that fraternal benefit certificate business is not taxable or includable under State foreign licensing statutes for the privilege of doing business in that particular foreign State when assessing such tax on a transformed company which formerly was a fraternal benefit society. *American United Life Ins. Co.* v. *Crichton,* — W.Va. —, 78 S.E. 2d 226 (1953); *Lockhart* v. *American United Life Ins. Co.* — Texas, —, 181 S.W. 2d 607 (1944); *Lockhart* v. *Ill. Bankers Life Assurance Co.* Tex. Civ. App., 194 S.W. 2d 611 (1946); *Royal Highlanders* v. *Wiseman,* 140 Neb. 28, 299 N.W. 459 (1941); *Yeoman Mutual Life Ins. Co.* v. *Murphy,* 223 Iowa, 1315, 275 N.W. 127 (1937); *United Mutual Life Ins. Co.* v. *State,* 194 Ark. 371, 108 S.W. 2d 484 (1937). Contra: *Royal Highlanders* v. *Commissioner,* 1 Tax Ct. 184 (Fed. 1942); *Lutheran Mutual Life Ins. Co.* v. *State,* 242 Wis. 598, 9 N.W. 2d 82 (1943).

Section 409 of the Illinois Insurance Code (Ill. Rev. Stat. 1953, chap. 73, par. 1021) provides: "(1) Every foreign or alien company authorized to do an insurance business in this State, except fraternal benefit societies, shall pay an annual State tax for the privilege of doing an insurance business in this State from the first day of July of each calendar year to the thirtieth day of June of the calendar year next ensuing. The amount of such tax shall be equal to two per centum of the gross amount of premiums on direct business received during the preceding calendar year on contracts covering risks within this State, * * *."

It is the opinion of this court that neither the above quoted section, nor any other section of the Code, imposes a tax on assessments collected by plaintiff from Illinois

holders of fraternal benefit certificates issued prior to January 2, 1950. Section 409 provides for a tax *for the privilege of doing insurance business* based on *premiums* from such business, not a tax for the privilege of doing *fraternal benefit business* based on *assessments* received from fraternal certificate holders. The public policy of the State of Illinois has been to exempt the fraternal benefit business from taxation. Since its transformation, plaintiff has operated in a dual capacity, maintaining two separate funds. If a tax were imposed on receipts from fraternal certificate holders, the burden of such tax would necessarily fall on the fraternal fund, contrary to the aforesaid policy of this State. We cannot, in the absence of clear language to that effect, infer that the legislature intended such a reversal of policy. Fraternal benefit certificates which were not taxable prior to January 2, 1950, have not become taxable merely because they are now being administered by a company which also deals in insurance which is subject to tax.

In *Lockhart* v. *American United Life Ins. Co.* —— Texas, —, 181 S.W. 2d 607 (1944) at 611, the court said: "This construction accords with the uniform policy of the state; and places these certificate holders upon the same basis as certificate holders in other fraternal benefit societies. And since the tax of necessity ultimately falls on the certificate holders, it obviates a discrimination between these and those holding certificates in other fraternal benefit societies—a discrimination manifestly opposed to any legislative intent." Likewise, in *United Mutual Life Ins. Co.* v. *State*, 194 Ark. 371, 378, 108 S.W. 2d 484, 488 (1937), the court said: "We are, nevertheless, of the opinion that the exemption provisions in favor of fraternal beneficiary societies were intended to inure to the individual members— that is, to certificate holders as distinguished from the parent agency." While these decisions in other States are, of course, not controlling in this jurisdiction, yet they are persuasive as representing the opinions of distinguished

judges on this question, and the reasoning therein appeals to us as sound.

Defendants also contend that the court erred in permitting the Fidelity Life Association to intervene in this cause "when such corporation has no justiciable interest."

The record shows that, having been notified of the motion to intervene by Fidelity Life, defendants made no objection. Although they now insist that the trial court erred in permitting such intervention, they do not state in what way, if any, they were prejudiced by the alleged error. It is not claimed that such intervention injected any new issues into the case. Therefore, if any error was committed in allowing the intervention, which we do not decide, it would constitute only harmless error in this state of the record.

For the reasons hereinabove stated, the decree of the circuit court of Sangamon County is affirmed.

*Decree affirmed.*

Mr. JUSTICE HERSHEY took no part in the consideration or decision of this case.