**498**

120 So.2d 115

Edmon L. **RINEHART**, Superintendent of
Insurance,

v.

**PRAETORIAN MUTUAL LIFE INSUR-
ANCE COMPANY.**

**3 Div. 915.**

Supreme Court of Alabama.

April 21, 1960.

MacDonald Gallion, Atty. Gen., and
David W. Clark, Asst. Atty. Gen., for ap-
pellant.

Ball & Ball and John R. Matthews, Jr.,
Montgomery, and John N. Harris, Jr.,
Dallas, Texas, for appellee.

MERRILL, Justice.

The appellee, Praetorian Mutual Life Insurance Company, filed a bill of complaint in the Circuit Court of Montgomery County, seeking to recover gross premium taxes paid under protest on fraternal certificates written by the Praetorians, a fraternal benefit society, prior to the Praetorians converting such society into a mutual life insurance company.

Appellant's demurrer was overruled and the cause was submitted to the trial court upon the complaint, plea and stipulation of counsel. Judgment was for appellee and the Superintendent of Insurance has appealed.

The stipulation gives the background of the litigation. It states in part:

"1. By this suit, plaintiff seeks to recover of the defendant the sum of $21,250.72, paid to the defendant under protest as an additional premium tax demanded by the defendant of the plaintiff for the years 1958 and 1959. Proper protest of said payment was made and noted and this action seeking recovery thereof was commenced within sixty days after such payment, all as required by Section 890, Title 51, Code of Alabama 1940, as amended.

"2. Said additional premium tax was demanded of the plaintiff by the defendant under the provisions of Title 51, Section 816, Code of Alabama 1940, as amended, imposing an annual premium tax on premiums received by foreign insurance companies for business done in the State of Alabama. Of the total amount claimed by the plaintiff, the sum of $20,973.22 represents the premium tax demanded by the defendant on assessments (or premiums) received by the plaintiff for the years 1958 and 1959 on fraternal benefit certificates issued by the plaintiff as a fraternal benefit society prior to its conversion to a mutual life insurance company. The remaining $547.50 claimed by the plaintiff in this suit was mistakenly demanded of it by the defendant, and defendant admits that plaintiff is entitled to a refund of this latter amount."

The stipulation further shows that appellant was originally incorporated under the laws of the State of Texas as a fraternal benefit society and that it was licensed and did business as such fraternal benefit society in the states of Texas and Alabama until December 31, 1957. It also shows that on December 31, 1957, appellee converted itself into a mutual life insurance company under the laws of the State of Texas, and that it subsequently became licensed to do business in Alabama as a mutual life insurance company on January 1, 1958.

The stipulation then provides:

"7. Upon said conversion to a mutual life insurance company, plaintiff assumed all obligations and duties which the old fraternal benefit society owed to its members holding said fraternal benefit certificates without increasing the premiums or assessments thereon or issuing new policies or certificates in substitution therefor, and without modifying said certificates or in any way impairing the contractual obligations owed thereunder.

"Plaintiff maintains separate accounts of all income received and ex-

penditures made in connection with said fraternal benefit certificates and the reserves thereon, and it administers, without profit, all fraternal business assumed by it on said conversion."

The excellent opinion of Judge Jones, which precedes the judgment is full, comprehensive and complete and answers the contentions of appellant in this court. Since we are affirming the judgment, any opinion by us would cite and discuss most of the cases cited by Judge Jones in his opinion. We, therefore, quote and adopt his opinion as the opinion of this court, and it reads as follows:

"The sole question for decision is whether plaintiff became liable for the premium tax imposed by Title 51, Section 816, Code of Alabama, 1940, (as amended by Act Number 77, General Acts of Alabama, 1956) on premiums or assessments received by plaintiff, as a mutual insurance company, on fraternal benefit certificates issued by plaintiff while a fraternal benefit society and assumed by it upon its conversion to a mutual life insurance company.

"This court has previously held, and the defendant Insurance Commissioner concedes, that Act Number 77 did not change the existing law so as to impose a premium tax on fraternal benefit societies as defined by Title 28, Section 167, Code of Alabama, 1940.

"The contention of the defendant is that when the plaintiff, or its members, voluntarily converted from a fraternal benefit society to a mutual life insurance company, it lost the exemptions granted to fraternal benefit societies under Title 28, Sections 170 and 232, Code of Alabama, 1940. This contention, however, ignores the provisions of the Alabama statutes providing for conversion of fraternal benefit societies to mutual life insurance companies.

"Title 28, Section 236, provides that a fraternal benefit society may convert itself into a mutual life insurance company 'which may be a continuation of such society under an amended charter'.

"Section 242 of said Title, in setting out the effects of such conversion, again provides that such 'converted corporation shall be deemed in law to be a continuation of such fraternal benefit society' and that such 'converted corporation shall succeed to all rights, privileges, franchises and all property, real, personal or mixed, and all debts due on any account, and all things in action, theretofore belonging to such fraternal benefit society'.

"Section 244 of said Title obligates the converted corporation to carry on and perform all obligations owed by the fraternal benefit society to the holders of its fraternal certificates.

"The Supreme Court of the United States in State of Tennessee vs. George K. Whitworth, 117 U.S. 139 [6 S.Ct. 649], 29 L.Ed. 833, observed:

" 'As has already been seen, the word "privilege" *in its ordinary meaning, when used in this connection, includes an exemption from taxation.* * * * Words in a Constitution, as well as words in a statute, are always to be given the meaning they have in common use, unless there are very strong reasons to the contrary. We find no such reasons in this case, and as an exemption from taxation is a privilege in the popular sense of that term, we feel ourselves compelled to decide that both the Tennessee and Alabama company and the Central Southern company were granted such an exemption by their charters, notwithstanding the contrary opinion of the Supreme Court of Tennessee, which, although entitled to great respect, is not binding upon us as author-

ity under the circumstances of this case.' (Emphasis added)

"Webster's International Dictionary, 1927, defines 'privilege' as 'An ordinance or law against as in favor of an individual'; 'To grant some particular right or exemption to; to invest with some peculiar right or immunity.'

"Of the cases from other jurisdictions deciding the question here at issue, the overwhelming weight of authority supports the conclusion that the premiums or assessments on fraternal benefit certificates are not subject to the premium tax, even after the fraternal benefit society is converted to a mutual life insurance company. Security Benefit Insurance Company vs. McCarthy [4] Illinois [2d 194], 122 N. E.2d 549, 1954; Lockhart vs. American Mutual Life Insurance Company [Tex. Civ.App.] 194 S.W.2d, 285, Texas, 1946; Lockhart vs. Lutheran Mutual Life Insurance Company [Tex.Civ. App.], 194 S.W.2d, 290, Texas, 1946; Lockhart vs. Illinois Bankers Life Assurance Company [Tex.Civ.App.], 194 S.W.2d, 611, Texas, 1946; American United Life Insurance Company vs. Crichton [138] West Virginia [877], 78 S.E.2d, 226, 1953; Yeoman Mutual Life Insurance Company vs. Murphy [223] Iowa [1315], 275 N.W. 127; United Mutual Life Insurance Company vs. State [194] Arkansas [371], 108 S.W.2d, 484; Criner vs. American Life Insurance Company, Missouri [App.], 163 S.W.2d, 797; Lockhart vs. American United Life Insurance Company, Texas [Civ.App.], 181 S.W. 2d, 607; Cochrane, Insurance Commissioner of Colorado, vs. Bankers Life Company, 8 CCA, 1929, 30 F.2d, 918.

"In United Mutual Life Insurance Company vs. State, supra, the Supreme Court of Arkansas based its decision that such assessments were not subject to premium tax on the theory that the benefit of the exemption was to accrue in favor of the holders of the certificates rather than the fraternal benefit society. Consequently, a change in the status of the company would make no difference. The court reasoned:

"'Admitting the correctness of this construction, we are, nevertheless, of the opinion that the exemption provisions in favor of fraternal beneficiary societies were intended to inure to the individual members—that is, to certificate holders, as distinguished from the parent agency.'

"The court pointed out that under the laws of Indiana where the re-incorporation took place; (1) the new company remained liable for the payment of fraternal certificates in the same manner as before such re-incorporation and (2) the fraternal certificates shall 'remain fraternal certificates' and shall be governed by the laws regulating fraternal insurance, etc.

"'We have reached the conclusion that the tax ought not to be assessed for the following reasons:

"'(1) Because the State has declared its public policy to be that premiums paid on fraternal beneficiary insurance are not subject to the tax imposed on foreign corporations doing an old line insurance business.

"'(2) Because the business which it is now proposed to tax came from a nontaxable source. It was created by an agency which had a right to issue beneficiary certificates, and the premiums on these certificates could not, under our laws, be reached for taxation purposes while in the hands of appellant's predecessor, the Supreme Lodge Knights of Pythias.

"'(3) Because, when Congress authorized the Supreme Lodge Knights of Pythias to separate its business and to organize a division or separate agency charged with the duty of carrying out agreement with certificate hold-

ers, appellant assumed the insurance obligation. The obligation was not impressed with the special tax it is now sought to impose.'

"In Yeoman Mutual Life Insurance Company vs. Murphy, supra, the Supreme Court of Iowa, interpreted a conversion statute substantially identical to that of Alabama, as requiring that the tax exemption continue after such conversion. The court wrote:

" 'When the Legislature passed these sections, giving fraternal beneficiary associations the right to be transformed into an old line company, it made no provision that it was necessary to have a representative form of government or a lodge system, *but specifically provided that nothing in the re-organization would change existing contracts and that new organization must assume all of the obligations of the old contracts.* This means that they should remain as before; that they should continue to be the same kind of a contract as they were before the transformation. The certificates issued by the Brotherhood of American Yeoman and the obligations under same were assumed by the Yeoman Mutual Life Insurance Company. *What did they assume? They assumed certificates which were tax exempt. And to say that a premium tax should now be levied against the amounts collected from the holders of these certificates would be to change these outstanding certificates, whereas the Legislature said that they were to remain as they were.*

" 'Section 7025 [I.C.A. § 432.1 note] provides that fraternal beneficiary associations are exempt from paying premium tax. Nowhere in our statutes do we find any explicit directions by the Legislature that the premium tax should be collected upon these certificates issued by a fraternal beneficiary association, and assumed now under the law, by a corporation that is no longer a fraternal beneficiary association. *The provisions of Section 8881* [I.C.A. § 512.94] *to the effect that the transformed company shall be a continuation of the original was no doubt included for the purpose of avoiding a disturbance of the status of the fraternal members and the amounts due from them. Add to this fact that the transformation shall not affect existing suits, claims or contracts. Giving the entire framework of Chapter 402* [I.C.A. § 512.1 et seq.] *an application consistent with the policy otherwise declared, the exemption to fraternal beneficiary societies must be extended to the amount paid by fraternal members after the transformation, to the new* company. The authority to transform coupled with the limitation that the transformation should not affect existing suits, claims or contracts, with the further provision that the transformed company should be a continuation of the original, simply means that fraternals were authorized to make such changes in organization and operation as are incident to the transformation but without requiring the reclassification in so far as the relation of the appellee company to its fraternal members is concerned.' (Emphasis added.)

"The court cited with approval the Arkansas case of United Mutual Life Insurance Company vs. State, supra, and quotes from it at length. The court then stated:

" 'The State of Iowa has decided as its public policy that fraternal beneficiary associations are exempt from the premium tax. At the time of the transformation from the fraternal beneficiary association to the old line company the certificates of the fraternal beneficiary associations were not taxable. These are the certificates which were assumed by the transformed company. The Legislature of Iowa, in passing the acts giving the right to

transform the company, nowhere provided that there should be a premium tax upon these certificates issued by the fraternal beneficiary association and assumed by the old line company, but it specifically provided that the contracts were to remain the same and were to be assumed by the company. The Legislature might have taxed these certificates if it had so desired, but it did not see fit to do so. The question of whether they should be taxed, or not, is for the Legislature. Until it speaks, they are exempt.'

"The Court of Civil Appeals of the State of Texas, under whose laws plaintiff's conversion was effected, has clearly held that assessments on fraternal business received after transformation are not taxable. In Lockhart vs. American United Life Insurance Company, supra, the court wrote:

" 'This construction accords with the uniform policy of the state; and places these certificate holders upon the same basis a certificate holder in other fraternal benefit societies. And since the tax of necessity ultimately falls upon the certificate holders, it obviates a discrimination between these and those holding certificates in other fraternal benefit societies, a discrimination manifestly opposed to any legislative intent.'

"In Security Benefit Life Insurance Company vs. McCarthy, supra, the Supreme Court of Illinois held that a company which had converted from a fraternal to a mutual life insurance company under the laws of Kansas (similar to those of Alabama and Texas) would owe no tax on the premiums or assessments received on the fraternal business:

" 'It is the opinion of this court that neither the above quoted section, nor any other section of the Code, imposes a tax on assessments collected by plaintiff from Illinois holders of fraternal benefit certificates issued prior to January 2, 1950. Section 409 [S.H.A. ch. 73, § 1021] provides for a tax for the privilege of doing insurance business based on premium from such business, *not a tax for the privilege of doing fraternal benefit business based* on assessments received from fraternal certificate holders. The *public policy of the State of Illinois has been to exempt the fraternal benefit business from taxation*. Since its transformation, plaintiff has operated in a dual capacity, *maintaining two separate funds*. If a tax were imposed on receipts from fraternal certificate holders, the burden of such tax would necessarily fall on the fraternal fund, contrary to the aforesaid policy of this state. We cannot, in the absence of clear language to that effect, infer that the Legislature intended such a reversal of policy. Fraternal benefit certificates which were not taxable prior to January 2, 1950, have not become taxable merely because they are now being administered by a company which also deals in insurance which is subject to tax.

" 'In Lockhart v. American United Life Ins. Co., Tex.Civ.App.1944, 181 S.W.2d 607, at page 611, the court said: "This construction accords with the uniform policy of the State; and places these certificate holders upon the same basis as certificate holders in other fraternal benefit societies. And since the tax of necessity ultimately falls upon the certificate holders, it obviates a discrimination between these and those holding certificates in other fraternal benefit societies, a discrimination manifestly opposed to any legislative intent." Likewise, in United Mutual Life Ins. Co. v. State, 1937, 194 Ark. 371, 378, 108 S.W.2d 484, 488, the court said: "We are, nevertheless, of the opinion

**504**

that the exemption provisions in favor of fraternal beneficiary societies were intended to inure to the individual members—that is, to certificate holders, as distinguished from the parent agency." While these decisions in other states are, of course, not controlling in this jurisdiction, yet they are persuasive as representing the opinions of distinguished judges on this question, and the reasoning therein appeals to us as sound.' (Emphasis supplied.)

"One of the few cases supporting defendant's contention is Lutheran Mutual Life Insurance Company vs. State, 242 Wis. 598, 9 N.W.2d, 82. Wisconsin had no conversion statute providing that upon conversion the new company would be a continuation of the old company and would succeed to the rights, privileges and franchise of the old fraternal. It was also noted that the Lutheran Mutual did not segregate the assessments on fraternal certificates from other premium income. (See American United Life Insurance Company vs. Crichton, supra, where these differences were noted.)

"All of said taxes paid to the defendant under protest and here sued for were illegally assessed and collected and that plaintiff is entitled to judgment in the amount sued for. It is accordingly ordered and adjudged by the Court that the Comptroller of the State of Alabama forthwith issue his warrant upon the Treasurer of the State of Alabama payable to the plaintiff for the refund of $21,520.72.

"It is further ordered that the costs in this cause be taxed against the defendant."

Affirmed.

LAWSON, STAKELY and COLEMAN, JJ., concur.